No. 2251.—J. B. WOMACK, Administrator, *v.* ABRAHAM WOMACK et al.

Where a sale has been made by order of the probate court of the property of a succession for the purpose of affecting a partition among the heirs, and the administrator files his account of the partition, which is duly homologated by the judge, a subsequent suit for partition will not be entertained, because the title to the property constituting the succession passes by the sale to the purchasers, and can not afterward be returned to the succession to be again administered upon. The judgment of the court homologating the administrator's account of partition is *res judicata*.

APPEAL from the Parish Court of St. Helena. *James H. George,* Parish Judge. *Dirhammer & Kennard,* for plaintiff and appellee. *J. H. Muse,* for defendants and appellants.

TALIAFERRO, J. This is a suit for a partition of the property of the succession of Abraham Womack, Sr., deceased. The suit is brought by the plaintiff, who is one of the heirs, against his coheirs.

The answer is that a final partition has taken place, and that the same was duly homologated. The defendants plead *res judicata.* The plaintiff had judgment in the court below, decreeing that a partition be made, prescribing the manner of making it, and the parties were referred to a notary named to perform the work. Three of the defendants have appealed.

Soon after the decease of Abraham Womack, Sr., in 1860, the usual mortuary proceedings were taken. The plaintiff was appointed administrator, and he soon after petitioned for a sale of the property to pay debts and to effect a partition. The order of sale was granted, the property sold, the mass of it being purchased by the heirs, and in December, 1860, the administrator filed his account. Numerous oppositions were presented, and the contestation remained without final action until June, 1867. By the judgment then rendered, the account, with some modifications, was homologated and confirmed. No appeal seems to have been taken from this judgment. The present suit was instituted in September, 1869.

It seems clear that the object and main purpose of the sale in 1860 was to effect a partition by means of a licitation. The debts were few and unimportant. Each heir purchased property at the sale, and the receipts produced by the administrator and his own testimony show that the portion of each heir of the first degree was reckoned approximately at $1000 cash. After the sale, a settlement in full was made by the administrator, with some at least of the heirs, for his own testimony shows that "the Thompson heirs and Powell paid the excess of their purchases over $1000."

We regard the sale as having divested the succession of title in the property sold, and the partition executed to that extent. There remains now only an adjustment of the amounts respectively to be paid or received as the case may be by the several heirs, in order to make the partition definitive.

It is therefore ordered, adjudged and decreed that the judgment of the parish court be annulled, avoided and reversed. It is further ordered that this case be remanded to the court of first instance to be proceeded with according to law, the plaintiff and appellee paying costs in both courts.